## PEERLESS PATTERN CO. v. GRABOW.

(Supreme Court, Appellate Division, Second Department.   October 13, 1911.)

SALES (§ 365*)—INCONSISTENT FINDINGS—COUNTERCLAIM.

> Plaintiff sued defendant for $29.10, the price of certain paper patterns. Defendant denied liability, and counterclaimed for $59, the price of 1,160 discarded patterns returned, at 5 cents each.  The contract provided that during the life thereof defendant might return any discarded patterns to plaintiff in exchange for other patterns to be shipped thereafter.   Defendant denied liability, on the ground that plaintiff had previously breached the contract before the delivery of the patterns sued for, which defendant claimed he refused to accept under the contract.  *Held*, that the court, by finding for plaintiff for $29.10, found that defendant had not performed under the contract and that plaintiff was not in default, and a judgment for defendant for $28.90 was based on inconsistent findings, since, if plaintiff was not in default, defendant was only entitled to exchange the discarded patterns for new ones during the life of the contract, and could not recover therefor from plaintiff at 5 cents each.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 365.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by the Peerless Pattern Company against Isidor Grabow. From a Municipal Court judgment in favor of defendant on counterclaim, plaintiff appeals.   Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Noah A. Stancliffe, for appellant.
Isidore Weckstein, for respondent.

CARR, J.   The plaintiff sued for $29.10.   The defendant denied liability, and counterclaimed for $59.   The court awarded judgment for the defendant against the plaintiff in the sum of $28.90 and costs. To reach this result the court must have found in favor of the plaintiff for the full amount of its claim, and in favor of the defendant for the full amount of his counterclaim.   The appellant insists that these findings are so inconsistent as to be mutually destructive.

The plaintiff's claim and the defendant's counterclaim both arose out of the same series of transactions, under a written contract which defined in detail the mutual rights of the parties.   This contract provided for the sale by the plaintiff of certain paper patterns to the defendant for retail sale by him.   The price was specified therein, and likewise the time and terms of payment for the goods.   The plaintiff sued for the contract price of certain sets of patterns furnished by it, apparently pursuant to the terms of the written contract.   The defendant denied liability for these patterns on the ground that the plaintiff had previously breached the contract before the delivery of the articles, which he claimed he refused to accept under the terms of the contract.   By finding for the plaintiff for the full amount of its claim, there was necessarily a finding that the plaintiff had not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

breached its contract, or that there was a waiver by the defendant of any breach and an acceptance of the goods.

The basis of the defendant's claim rested upon the terms of the contract itself. This instrument provided expressly that during the life of the contract the defendant might return any "discarded" patterns to the plaintiff "in exchange at even rates for other patterns to be shipped thereafter." The defendant did return some 1,160 discarded patterns, for which he claims 5 cents each, making in all $59, the amount of his counterclaim. Under the terms of the contract he was entitled, not to 5 cents for each returned pattern, but to an exchange of new patterns "at even rates" for the old ones; and this right existed only during the continuance of the contract, and was dependent upon performance of the conditions thereof on his part, unless there had been a breach thereof by the plaintiff. The basis of his counterclaim is, not that the plaintiff did not give him new patterns in exchange for the old, but that it did not pay him 5 cents each for the old patterns which he had returned. To get an exchange of new patterns for old, it was incumbent on him to perform his part of the contract.

The trial court, by finding for the plaintiff for the full amount of its claim, necessarily found that the defendant had not performed under the contract, and that the plaintiff was not in default. If so, there was no basis for the counterclaim of the defendant.

As the judgment of the trial court is based upon irreconcilable findings, it must be reversed, and a new trial ordered; costs to abide the event. All concur.

